# UNITED STATES DISTRICT COURT
for the
Eastern District of Michigan

| | |
|---|---|
| United States of America<br>v.<br><u>JOSHUA ELISHA-DUWANE WHITE</u><br>*Defendant* | )<br>)<br>)  Case No. 21-20573<br>)<br>) |

## ORDER OF DETENTION PENDING TRIAL

### Part I - Eligibility for Detention

Upon the

☑ Motion of the Government attorney pursuant to 18 U.S.C. § 3142(f)(1), or
☐ Motion of the Government or Court's own motion pursuant to 18 U.S.C. § 3142(f)(2),

the Court held a detention hearing and found that detention is warranted. This order sets forth the Court's findings of fact and conclusions of law, as required by 18 U.S.C. § 3142(i), in addition to any other findings made at the hearing.

### Part II - Findings of Fact and Law as to Presumptions under § 3142(e)

☐ **A. Rebuttable Presumption Arises Under 18 U.S.C. § 3142(e)(2)** *(previous violator)*: There is a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of any other person and the community because the following conditions have been met:

☐ **(1)** the defendant is charged with one of the following crimes described in 18 U.S.C. § 3142(f)(1):

☐ **(a)** a crime of violence, a violation of 18 U.S.C. § 1591, or an offense listed in 18 U.S.C. § 2332b(g)(5)(B) for which a maximum term of imprisonment of 10 years or more is prescribed; **or**

☐ **(b)** an offense for which the maximum sentence is life imprisonment or death; **or**

☐ **(c)** an offense for which a maximum term of imprisonment of 10 years or more is prescribed in the Controlled Substances Act (21 U.S.C. §§ 801-904), the Controlled Substances Import and Export Act (21 U.S.C. §§ 951-971), or Chapter 705 of Title 46, U.S.C. (46 U.S.C. §§ 70501-70508); **or**

☐ **(d)** any felony if such person has been convicted of two or more offenses described in subparagraphs (a) through (c) of this paragraph, or two or more State or local offenses that would have been offenses described in subparagraphs (a) through (c) of this paragraph if a circumstance giving rise to Federal jurisdiction had existed, or a combination of such offenses; **or**

☐ **(e)** any felony that is not otherwise a crime of violence but involves:
**(i)** a minor victim; **(ii)** the possession of a firearm or destructive device (as defined in 18 U.S.C. § 921); **(iii)** any other dangerous weapon; or **(iv)** a failure to register under 18 U.S.C. § 2250; **and**

☐ **(2)** the defendant has previously been convicted of a Federal offense that is described in 18 U.S.C. § 3142(f)(1), or of a State or local offense that would have been such an offense if a circumstance giving rise to Federal jurisdiction had existed; **and**

☐ **(3)** the offense described in paragraph (2) above for which the defendant has been convicted was committed while the defendant was on release pending trial for a Federal, State, or local offense; **and**

☐ **(4)** a period of not more than five years has elapsed since the date of conviction, or the release of the defendant from imprisonment, for the offense described in paragraph (2) above, whichever is later.

☑ **B. Rebuttable Presumption Arises Under 18 U.S.C. § 3142(e)(3)** *(narcotics, firearm, other offenses)*: There is a rebuttable presumption that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community because there is probable cause to believe that the defendant committed one or more of the following offenses:

☑ **(1)** an offense for which a maximum term of imprisonment of 10 years or more is prescribed in the Controlled Substances Act (21 U.S.C. §§ 801-904), the Controlled Substances Import and Export Act (21 U.S.C. §§ 951-971), or Chapter 705 of Title 46, U.S.C. (46 U.S.C. §§ 70501-70508);

☐ **(2)** an offense under 18 U.S.C. §§ 924(c), 956(a), or 2332b;

☐ **(3)** an offense listed in 18 U.S.C. § 2332b(g)(5)(B) for which a maximum term of imprisonment of 10 years or more is prescribed;

☐ **(4)** an offense under Chapter 77 of Title 18, U.S.C. (18 U.S.C. §§ 1581-1597) for which a maximum term of imprisonment of 20 years or more is prescribed; **or**

☐ **(5)** an offense involving a minor victim under 18 U.S.C. §§ 1201, 1591, 2241, 2242, 2244(a)(1), 2245, 2251, 2251A, 2252(a)(1), 2252(a)(2), 2252(a)(3), 2252A(a)(1), 2252A(a)(2), 2252A(a)(3), 2252A(a)(4), 2260, 2421, 2422, 2423, or 2425.

☑ **C. Conclusions Regarding Applicability of Any Presumption Established Above**

☑ The defendant has not introduced sufficient evidence to rebut the presumption above.
**OR**
☐ The defendant has presented evidence sufficient to rebut the presumption, but after considering the presumption and the other factors discussed below, detention is warranted.

## Part III - Analysis and Statement of the Reasons for Detention

After considering the factors set forth in 18 U.S.C. § 3142(g) and the information presented at the detention hearing, the Court concludes that the defendant must be detained pending trial because the Government has proven:

☑ By clear and convincing evidence that no condition or combination of conditions of release will reasonably assure the safety of any other person and the community.

☑ By a preponderance of evidence that no condition or combination of conditions of release will reasonably assure the defendant's appearance as required.

In addition to any findings made on the record at the hearing, the reasons for detention include the following:

☑ Weight of evidence against the defendant is strong
☑ Subject to lengthy period of incarceration if convicted
☑ Prior criminal history
☑ Participation in criminal activity while on probation, parole, or supervision
☐ History of violence or use of weapons
☑ History of alcohol or substance abuse
☑ Lack of stable employment
☑ Lack of stable residence
☐ Lack of financially responsible sureties
☐ Lack of significant community or family ties to this district

- [ ] Significant family or other ties outside the United States
- [ ] Lack of legal status in the United States
- [ ] Subject to removal or deportation after serving any period of incarceration
- [x] Prior failure to appear in court as ordered
- [x] Prior attempt(s) to evade law enforcement
- [x] Use of alias(es) or false documents
- [x] Background information unknown or unverified
- [x] Prior violations of probation, parole, or supervised release

OTHER REASONS OR FURTHER EXPLANATION:

The Government moved for the defendant's detention on March 22, 2022, the date of his initial appearance on an indictment for possession with intent to distribute methamphetamine and possession with intent to distribute cocaine. (ECF Nos. 1, 7.) At the time of his arraignment on March 25, 2022, the defendant consented to detention. (See minute entry of that date.) On June 28, 2022, the defendant filed a motion for bond for temporary release (ECF No. 20), asking to be released on a GPS tether and home confinement in order to attend his brother's funeral and the birth of his child, pursuant to the Court's discretion under 18 U.S.C. 3142(i), which permits "the temporary release of the person...to the extent that the judicial officer determines such release to be necessary for the person's defense or for another compelling reason." That motion was referred to the undersigned Magistrate Judge, who expedited the hearing, which was held on July 6, 2022. At the outset of the hearing all counsel agreed that it would, in effect, serve as the defendant's detention hearing, as the Court had never had a prior opportunity to consider whether release was appropriate in the first instance and bond conditions could be fashioned to reasonably assure the defendant's appearance and the safety of the community. The Court's findings and reasons for ordering detention, including its consideration of the factors listed in 42 U.S.C. § 3142(g), were stated on the record at the hearing and are fully incorporated by this reference. Probable cause as to both charges had previously been found by the grand jury, and there is, accordingly, a presumption in favor of detention in this case. Defendant has not introduced sufficient evidence to rebut that presumption. Even if the defendant had overcome the presumption in favor of detention, the Court alternatively finds: (a) by a preponderance of the evidence that there is no condition or combination of conditions which will reasonably assure Defendant's appearance; and (b) by clear and convincing evidence that there is no condition or combination of conditions which will reasonably assure the safety of the community. This evidence was discussed on the record in support of the Court's reasoning, and includes, but is not limited to evidence that Defendant: (1) engaged in the criminal conduct that is the subject of the indictment while on supervised release for a previous federal conviction of being a felon in possession of a firearm and possession with intent to distribute cocaine base (seven months after being granted compassionate release from incarceration on those offenses) and while on bond for his supervised release violations (Case No. 13-20653-1); (2) failed to maintain contact with his probation officer and failed to self-surrender and appear for his arraignment in September 2021 on the instant indictment, putting him in absconder status for six months; (3) fled from the police while driving over 100 mile-per-hour from a traffic stop, and then subsequently by foot in December 2021, successfully evading law enforcement; (4) at the time of his arrest by the USMS for the instant offense, was found with a fake California driver's license, $4000 in cash, powder and crack cocaine in a home with two young children (all while on supervised release and on bond for violations thereof); (5) has an extensive felony criminal background which demonstrates escalation of criminal activity and arrest by every level of law enforcement going back to the time when he was 16 years old, with approximately all but one year of the last 22 involving either violations of the criminal law or incarceration, and including three prior probation violations, a failure to report and significant misrepresentations being made to either law enforcement or Pretrial Services. The Court heard from both his pretrial and probation officers at the hearing, both of whom recommended detention and neither of whom believes he can be successfully supervised for any period of time. The Court concludes that the defendant poses a significant and ongoing danger to the community, will continue to distribute drugs if released for any period of time, is very unlikely to return to Court voluntarily and poses a significant risk of flight from this jurisdiction.

### Part IV - Directions Regarding Detention

The defendant is remanded to the custody of the Attorney General or to the Attorney General's designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant must be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility must deliver the defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding.

Date: July 6, 2022

_Judge's Signature_

Anthony P. Patti, United States Magistrate Judge

_Name and Title_